UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN CICARELLI,<br>    Plaintiff<br><br>v.<br><br><br>COMMERCIAL RECOVERY SYSTEMS, INC., and<br>CITIFINANCIAL AUTO, LTD.,<br>Defendants | CIVIL ACTION<br><br>COMPLAINT<br><br><br>JURY TRIAL CLAIMED<br><br><br><br>JULY 28, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendant State claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat § 42-110a *et seq.,* and the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*

2. Plaintiff, John Cicarelli, is a natural person residing in Norwich, Connecticut and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and a "consumer debtor" within the meaning of Conn. Gen. Stat § 36a-645(1).

3. Commercial Recovery Systems, Inc. ("CRS") is a Texas corporation that accepts assignments of collection accounts from businesses and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

4. Citifinancial Auto, LTD ("Citi") is a Minnesota corporation that finances consumer automobile purchases and is a "creditor" within the meaning of Conn. Gen. Stat §36a-645(2)(a).

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

6. This Court has jurisdiction over CRS because it engages in business activities within Connecticut.

7. This Court has jurisdiction over Citifinancial because it engages in business activities within Connecticut.

8. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

9. In or around 1996, Plaintiff purchased a vehicle and became indebted via an automobile loan to Arcadia Financial (the "Account").

10. On or around January 16, 2004, the Account was settled as part of a bankruptcy plan entered into pursuant to Plaintiff's filing under Chapter 13 of the United States Bankruptcy Code (Case No. 00-33172, D. Conn), and Plaintiff no longer owed any payments on the Account.

11. Arcadia Financial was subsequently purchased by or merged into Citi.

12. Prior to March 9, 2011, Citi assigned the Account to CRS for collection.

13. CRS then attempted to collect the Account.

14. On or around March 9, 2011, Plaintiff received a letter from CRS notifying him that the debt had been assigned to CRS for collection, that the creditor was Citifinancial Auto, Ltd, and that the balance due was $12,193.08.

15. After receiving the letter, on or around March 9, 2011, Plaintiff called CRS and spoke with a representative, John Steele.

16. Plaintiff told John that he did not owe on the Account and that it had already been settled in Chapter 13 Bankruptcy.

17. John verified Plaintiff's name and social security number and told him that he did owe a debt because it was appearing on his credit report.

18. In reality, Plaintiff's reports from the three major consumer reporting agencies, TransUnion, Equifax, and Experian, did not show an outstanding balance on the Account, and CRS did not make any inquiry into those reports.

19. CRS's actions caused Plaintiff to become very worried and distressed.

20. CRS violated the FDCPA in the following respects:

   a. CRS violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the Account.

   b. CRS violated 15 U.S.C. § 1692e by using false and deceptive methods in an attempt to collect a debt that was not owed, as described above; specifically, by misrepresenting that the debt appeared on Plaintiff's credit report and that Plaintiff was liable for the debt.

   c. CRS violated 15 U.S.C. § 1692f by using unfair or unconscionable methods in an attempt to collect the debt, as described above.

21. CRS's conduct, as described above, also violated CUTPA.

22. Plaintiff has suffered an ascertainable loss as a result of CRS's conduct, including, but not limited to, travel costs incurred to meet with his attorneys in order to ensure that CRS's unlawful conduct did not continue.

23. Citi violated Conn. Gen. Stat § 36a-646 by misrepresenting the status of the debt and attempting to collect on a debt that had been settled.

24. Citi's conduct, as described above, also violated CUTPA.

25. As a result of Citi's conduct, Plaintiff suffered ascertainable losses including, but not limited to, travel expenses incurred to meet with his attorneys to ensure that Citi's unlawful conduct did not continue.


WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; actual damages, statutory damages, punitive damages and attorney's fees and costs pursuant to Conn. Gen. Stat § 36a-648; and such other relief as this Court deems appropriate.


**PLAINTIFF, JOHN CICARELLI**


By: /s/Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457